AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| Andrew Barrett | Case Number: 15CR103[KAM] |
| | USM Number: 51386-054 |
| **FILED** IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★ SEP 16 2016 ★ BROOKLYN OFFICE | Roger L. Stavis Gallet, Dreyer & Berkey LLP 845 Third Avenue 8th Floor New York, New York New York, NY 10022 Defendant's Attorney |

## THE DEFENDANT:

✔ pleaded guilty to count(s)  1 and 25 of a 32 count Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C § 1347 | Health Care Fraud | 3/19/2015 | 1 |
| 26 U.S.C. § 7206(1) | Tax Fraud | | 25 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

✔ Counts 2 through 24, and 26-32 of the superseding indictment and the underlying indictment are dismissed.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 9, 2016
Date of Imposition of Judgment

s/KAM
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

Septemner 9, 2016
Date

AO 245B (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

**DEFENDANT:** Andrew Barrett
**CASE NUMBER:** 15CR103[KAM]

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal States Bureau of Prisons to be imprisoned for a total term of:

43 months on Count One, and 36 months on the tax fraud Count, to run concurrently.

✔ The court makes the following recommendations to the Bureau of Prisons:
The court respectfully request that the defendant be designated to the Satellite Camp at FCI Otisville to facilitate family visits, his religious observance, and his dietary needs.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 2A — Imprisonment

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Andrew Barrett
CASE NUMBER: 15CR103[KAM]

Judgment—Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years on count One, and 1 year on the tax fraud count, to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change. fendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Andrew Barrett
CASE NUMBER: 15CR103[KAM]

Judgment—Page 4 of 7

# SPECIAL CONDITION OF SUPERVISION

1. Mr. Barrett must comply with his assessment, restitution, and forfeiture judgments imposed by the Court. Willful failure to pay restitution, forfeiture, and his assessment will be grounds for revocation.

2. Mr. Barrett shall maintain full-time verifiable employment as approved by the U.S. Probation Department. If he is not employed full-time, he shall serve 30 hours per week of community service. If he is employed, he shall serve 10 hours of community service per month. The community service shall be served at a site approved by the U.S. Probation Department.

3. Mr. Barrett shall refrain from engaging in any employment which involves any interaction with Medicaid or Medicare, and is to assist the Probation Department in verifying any employment he secures while under supervised release.

4. Mr. Barrett shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent or business activity. If approved for self-employment, Mr. Barrett shall provide the U.S. Probation Office with full disclosure of his self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F(Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

5. Mr. Barrett shall provide the U.S. Probation Office and the U.S. Attorney's Office with complete and truthful disclosure of his financial records, including joint and co-mingled income, expenses, transferred and current assets and liabilities, and include yearly income tax returns. He must include financial information and documentation for all transfers and liquidations, financing, and loans made or received from the date of his arrest. With the exception of the financial accounts reported and noted within the presentence report, Mr. Barrett is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and prior approval of the U.S. Probation Office. Mr. Barrett shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. Mr. Barrett shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office and the U.S. Attorney's Office access to his financial information and records.

6. Mr. Barrett is prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. Mr. Barrett shall not encumber or liquidate interest in any assets unless it is in direct service of his restitution and/or forfeiture obligations or otherwise has the express approval of the Court.

7. Mr. Barrett shall fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns within six months of the sentence date and by timely filing all future returns that come due during the period of supervision. Mr. Barrett shall properly report all correct taxable income and claim only allowable expenses on those returns. Mr. Barrett shall provide all appropriate documentation in support of said returns. Upon request, Mr. Barrett shall furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and Mr. Barrett shall fully cooperate by paying all taxes, interest and penalties due and otherwise comply with the tax laws of the United States.

8. Mr. Barrett shall not possess a firearm, ammunition, or destructive device.

DEFENDANT: Andrew Barrett
CASE NUMBER: 15CR103[KAM]

Judgment—Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISION CONTINUED

### Restitution:

I.

The Court imposes an Order and Judgment of restitution in the amount of $2,700,000, of which $1,906,200 is owed to Medicaid, and $793,800 is owed to Medicare, payable as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201 for payment to the victims. The Clerk of Court shall forward the restitution payments of $1,906,200 to: Medicaid c/o Linda Abraham, Bureau of Collections Management, New York State Office of the Medicaid Inspector General, 800 North Pearl Street, Albany, New York 12204. The balance of $793,800 is owed to Medicare, CMS Division of Accounting Operations, located at: P.O. Box #7520, Baltimore, MD 21207-0520. Restitution is due and payable immediately. If the restitution is not paid in full immediately, interest will accrue as required by law. While in custody, Mr. Barrett shall make restitution payments of at least $25 per quarter. Starting the first day of the first month after his release from custody, he shall continue making restitution payments for Medicaid/Medicare at a minimum rate of not less than 20% of his monthly gross income after deductions required by law.

On the Tax Fraud Count, the Court imposes an Order and Judgment of restitution in the amount of $736,192.80, due immediately and payable to the IRS. Interest will accrue as required by law. Restitution payments shall be mailed to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201 for payment to the victim. The Clerk of Court shall forward the restitution payments of $736,192.80 to: IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Avenue, Kansas City, MO 64108. While in custody, Mr. Barrett shall make restitution payments of at least $25 per quarter. Starting the first day of the first month after his release from custody, he shall continue making restitution tax payments at a minimum rate of not less than 10% of his monthly gross income after deductions required by law.

### Forfeiture:

The defendant has consented to pay a Forfeiture money judgment in the amount of $2,700,000, including but not limited to forfeiture of all right, title, interest in any funds on deposit in Capital One Bank account no.7047548297, held in the name of 222 Jamaica Economy Drug, Inc., as property, real or personal, constituting or derived, directly or indirectly, from gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1347, and/or as a substitute asset, pursuant to 21 U.S.C. § 853(p). The value of any assets forfeited by the government shall be deducted from the forfeiture judgment. The Final Order and Judgment of Forfeiture is attached hereto and incorporated herein as part of this judgment. If the government remits forfeited funds to Mr. Barrett's restitution victims, he shall receive credit, as appropriate, against his restitution balance.

| | | Judgment — Page __6__ of __7__ |
|---|---|---|
| DEFENDANT: | Andrew Barrett | |
| CASE NUMBER: | 15CR103[KAM] | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 3,436,192.80 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

✔ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk shall forward payments to Medicaid c/o Linda Abraham NYS Office of the Medicaid Inspector General 800 North Pearl Street, Albany, New York 12204 | $1,906,200 | $1,906,200 | |
| Clerk shall forward payments to Medicare c/o CMS Division of Accounting Operations P.O. Box 7520 Baltimore, MD 21207-0520 | $ 793,800 | $ 793,800 | |
| IRS-RACS, Att: Mail Stop 6261 Restitution, 333 W. Pershing Ave, Kansas City, MO 64108 | $ 736,192.80 | $736,192.80 | |
| **TOTALS** | **$3,436,192.80** | **$3,436,192.80** | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Andrew Barrett
CASE NUMBER: 15CR103[KAM]

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ✔ Lump sum payment of $ 3,436,192.80 due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ✔ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ✔ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

The Court imposes an Order and Judgment of restitution in the amount of $2,700,000, of which $1,906,200 is owed to Medicaid, and $793,800 is owed to Medicare, payable as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201 for payment to the victims. The Clerk of Court shall forward the restitution payments of $1,906,200 to: Medicaid c/o Linda Abraham, Bureau of Collections Management, New York State Office of the Medicaid inspector General, 800 North Pearl Street, Albany, New York 12204. The balance of $793,800 is owed to Medicare, CMS Division of Accounting Operations, located at: P.O. Box #7520, Baltimore, MD 21207-0520. Restitution is due and payable immediately. If the restitution is not paid in full immediately, interest will accrue as required by law. While in custody, Mr. Barrett shall make restitution payments of at least $25 per quarter. Starting the first day of the first month after his release from custody, he shall continue making restitution payments for Medicaid/Medicare at a minimum rate of not less than 20% of his monthly gross income after deductions required by law.
On the Tax Fraud Count, the Court imposes an Order and Judgment of restitution in the amount of $736,192.80, due immediately and payable to the IRS. Interest will accrue as required by law. Restitution payments shall be mailed to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201 for payment to the victim. The Clerk of Court shall forward the restitution payments of $736,192.80 to: IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Avenue, Kansas City, MO 64108. While in custody, Mr. Barrett shall make restitution payments of at least $25 per quarter. Starting the first day of the first month after his release from custody, he shall continue making restitution tax payments at a minimum rate of not less than 10% of his monthly gross income after deductions required by law.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

✔ The defendant shall forfeit the defendant's interest in the following property to the United States:
The defendant has consented to pay a Forfeiture money judgment in the amount of $2,700,000, including but not limited to forfeiture of all right, title, interest in any funds on deposit in Capital One Bank account no 7047548297, held in the name of 222 Jamaica Economy Drug, Inc., as property, real or personal, constituting or derived, directly or indirectly, from gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1347, and/or as a substitute asset, pursuant to 21 U.S.C. § 853(p). The value of any assets forfeited by the government shall be deducted from the forfeiture judgment. The Final Order and Judgment of Forfeiture is attached hereto and incorporated herein as part of this judgment. If the government remits forfeited funds to Mr. Barrett's restitution victims, he shall receive credit, as appropriate, against his restitution balance.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:TYH/BDM:KKO
F. #2012R00983

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 09 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

— against —

ANDREW BARRETT,

        Defendant.

- - - - - - - - - - - - - - - - - X

FINAL ORDER OF FORFEITURE

15-CR-103 (S-1) (KAM)

WHEREAS, on or about May 25, 2016, ANDREW BARRETT (the "Defendant"), entered a plea of guilty to Counts One and Twenty-Five of the above-captioned superseding indictment, charging a violation of 18 U.S.C. § 1347 and 26 U.S.C. § 7206(1);

WHEREAS, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b) the defendant consented to the entry of a forfeiture money judgment (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title and interest in any and all funds on deposit in Capital One Bank account no. 7047548297, held in the name of 222 Jamaica Economy Drug, Inc. (the "Forfeited Account"), as property, real or personal, constituting or derived, directly or indirectly, from gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1347, and/or as a substitute asset, pursuant to 21 U.S.C. § 853(p):

WHEREAS, on or about May 27, 2016, the Court entered a Preliminary Order of Forfeiture ("Preliminary Order"), pursuant to 18 U.S.C. §§ 982(a)(7), 982(b)(1) and 21

U.S.C. § 853(p), requiring the defendant to forfeit all right, title and interest in the amount of the Forfeiture Money Judgment and the Forfeited Account (Docket no. 106);

WHEREAS, legal notice of forfeiture of the Forfeited Account was published in this district on the official government website, www.forfeiture.gov, for at least thirty (30) consecutive days beginning on July 7, 2016 and ending on August 5, 2016 (Docket no. 116);

WHEREAS, on or about July 20, 2016, the government served via email and certified mail, return receipt request notice to all those persons known to the government, who might have an interest in the Forfeited Account (Docket no. 115);

WHEREAS on or about August 18, 2016, Rochester Drug Cooperative, Inc. ("RDC"), by and through its counsel, Bruce W. Bieber, Esq. filed a third-party petition asserting a claim to the Forfeited Account (Docket no. 120);

WHEREAS, pursuant to a Stipulation of Settlement entered into on September 7, 2016 (the "Stipulation"), the United States has agreed to remit to RDC the sum of $257,184.89, less any offset required by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, if any;

WHEREAS, in consideration of the foregoing, RDC has agreed in the Stipulation that it will not oppose entry of this Final Order of Forfeiture forfeiting to the United States, in accordance with 18 U.S.C. §§ 982(a)(7) and 982(b) and 21 U.S.C. § 853(p), of the balance of the Forfeited Account, in the amount of $19,875.78, and all proceeds traceable thereto, including all interested accrued on the Forfeited Account since the date of seizure (the "Forfeited Funds");

WHEREAS, apart from third-party petitioner RDC, no other party has filed with the Court any petition or claim in connection with the Forfeited Account and the time to do so under 21 U.S.C. § 853(n)(2) has expired; and

WHEREAS, the government has proven by a preponderance of the evidence, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), 18 U.S.C. §§ 982(a)(7) and 982(b), that the defendant is liable for and must forfeit the amount of two million seven hundred thousand dollars and zero cents ($2,700,000.00) (the "Forfeiture Money Judgment") as property, real or personal, constituting or derived, directly or indirectly, from gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1347, and/or as a substitute asset, pursuant to 21 U.S.C. § 853(p).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b) and 21 U.S.C. § 853(p), and the Preliminary Order, all right, title, and interest in the Forfeited Funds and payments to the Forfeiture Money Judgment are hereby condemned, forfeited, and vested in the United States of America.

IT IS FURTHER ORDERED that the forfeiture of the Forfeited Funds shall be credited towards the Forfeiture Money Judgment.

IT IS FURTHER ORDERED that the defendant shall remain liable and assist the United States in effectuating the payments towards the remaining balance of the Forfeiture Money Judgment consistent with the defendant's obligations under the Preliminary Order.

IT IS FURTHER ORDERED that the United States Marshals Service is directed to remit the sum of $257,184.89 of the Forfeited Account, less any offset required

by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, if any, to RDC in accordance with the terms set forth in the Stipulation.

IT IS FURTHER ORDERED that the United States Marshals Service, or its duly authorized agents and/or contractors be, and hereby, are directed to dispose of the Forfeited Funds in accordance with all applicable laws and regulations.

IT IS FURTHER ORDERED that the United States Department of Treasury, or its duly authorized agents and/or contractors be, and hereby, are directed to dispose of the payments towards the Forfeiture Money Judgment in accordance with all applicable rules and regulations.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction over this case for the purposes of enforcing the Preliminary Order and this Final Order of Forfeiture and any supplemental orders of forfeiture as may be necessary.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Final Order of Forfeiture and the Preliminary Order, and the Final Order of Forfeiture shall be made part of the defendant's sentencing and included in the judgment of conviction.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Final Order of Forfeiture to FSA

Paralegal Maritza Arroyo, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
September _9_, 2016

SO ORDERED:

_____s/KAM_____
HONORABLE KIYO A MATSUMOTO
United States District Judge
Eastern District of New York